| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) | |
| Case number (if known): _____   Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | Venator International France SAS |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | Holliday Pigments International S.A.S. |
| 3. | Debtor's federal Employer Identification Number (EIN) | N/A |

| 4. | Debtor's address | **Principal place of business**<br><br>203 Route de Wervicq<br>Number         Street<br><br>59-Nord<br><br>Comines Cedex, 59559, France<br>City                         State        Zip Code<br><br><br>County | **Mailing address, if different from principal place of business**<br><br>Number         Street<br><br>P.O. Box<br><br>City                         State        Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number         Street<br><br><br>City                         State        Zip Code |
|---|---|---|---|

| 5. | Debtor's website (URL) | https://www.venatorcorp.com |
|---|---|---|
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor __**Venator International France SAS**__   Case number *(if known)* _____
     Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check One:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | **2819** |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☒ Chapter 11.  *Check all that apply:* |
| | |    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |    ☒ A plan is being filed with this petition. |
| | |    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes. | District _____ | When _____<br>MM/DD/YYYY | Case number _____ |
| | | | District _____ | When _____<br>MM/DD/YYYY | Case number _____ |

Debtor    **Venator International France SAS**          Case number *(if known)*
       Name

| | | | | | |
|---|---|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes. | Debtor    **See Rider 1** <br><br> District    **Southern District of Texas** <br><br> Case number, if known _____ | Relationship <br><br> When | **Affiliate** <br><br> **05/14/2023** <br> MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
             Number    Street

    _____
    City      State    Zip Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
           Contact name _____
           Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor   **Venator International France SAS**　　　　　　　Case number *(if known)*　_____
　　　　　Name

| | | | | |
|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/14/2023**
　　　　　　　　MM/ DD / YYYY

✗   **/s/ Kurt Ogden**　　　　　　　　　　　　　　　**Kurt Ogden**
　　Signature of authorized representative of debtor　　Printed name

　　Title   **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Matthew D. Cavenaugh**　　　　　　　　　Date   **05/14/2023**
　　Signature of attorney for debtor　　　　　　　　　　　　MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number　　　　　Street

**Houston**　　　　　　　　　　　　　　　　　　**Texas**　　　**77010**
City　　　　　　　　　　　　　　　　　　　　　　State　　　ZIP Code

**(713) 752-4200**　　　　　　　　　　　　　　**mcavenaugh@jw.com**
Contact phone　　　　　　　　　　　　　　　　Email address

**24062656**　　　　　　　　　　　　　　　　　**Texas**
Bar number　　　　　　　　　　　　　　　　　　State

Official Form 201　　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　　page 4

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Venator Materials PLC.

Venator Materials PLC
Venator Americas Holdings LLC
Venator Chemicals France SAS
Venator Chemicals LLC
Venator Finance S.à r.l.
Venator France SAS
Venator Germany GmbH
Venator Group
Venator Group Canada Inc.
Venator Group Services Limited
Venator Holdings Germany GmbH
Venator International France SAS
Venator International Holdings UK Limited
Venator Investments Ltd
Venator Investments UK Limited
Venator Materials International UK Limited
Venator Materials UK Limited
Venator Materials LLC
Venator P&A Finland Oy
Venator P&A Holdings UK Limited
Venator P&A Spain S.L.U.
Venator Pigments France SAS
Venator Uerdingen GmbH
Venator Wasserchemie Holding GmbH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VENATOR INTERNATIONAL FRANCE SAS, | ) ) ) | Case No. 23-[____] (___) |
| Debtor. | ) ) |  |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Venator France SAS | 1 Rue des Garennes, 62-Pas de Calais, Calais, 62100, France | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| VENATOR INTERNATIONAL FRANCE SAS, | ) Case No. 23-[____] (___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Venator France SAS | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Venator International France SAS** |
| United States Bankruptcy Court for the: | **Southern District of Texas** (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **05/14/2023** | ☒ */s/ Kurt Ogden* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Kurt Ogden** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

*EXECUTION VERSION*

**VENATOR INTERNATIONAL FRANCE**
Société par actions simplifiée au capital de 53.900 euros
Siège social : 203 route de Wervicq, BP 17 59560 Comines
775 719 909 R.C.S. Lille Métropole

(la « **Société** »)

---

**ACTE UNANIME DES MEMBRES DU COMITÉ EXECUTIF**

**EN DATE DU 13 MAI 2023**

---

Le 13 mai 2023,

Les membres du comité exécutif de la Société (le « **Comité Exécutif** »), **après avoir rappelé que** conformément aux stipulations de l'article 14.4 des statuts de la Société (les « **Statuts** »), les decisions du Comité Executif peuvent être prises par acte sous seing privé,

**ET APRES AVOIR RAPPELE QUE :**

A.  La Société envisage notamment :

   (i) de conclure un accord de soutien à une procédure collective (*restructuring support agreement*) (le « **Restructuring Support Agreement** ») et/ou tout autre accord, certificat, instrument, procuration, lettre, formulaire, transfert, acte et autre document en vue d'une opération de restructuration ou d'une série d'opérations par lesquelles la Société apurerait ses dettes et autres passifs ; et

   (ii) de déposer des demandes de « *filing of a voluntary petition for relief* » (les « **Bankruptcy Petitions** ») et toutes formalités requises dans le cadre desdites Bankruptcy Petitions afin d'être placée sur la protection du chapitre 11 de la loi sur les faillites des Etats-Unis (*chapter 11 of title 11 of the United States Code*) (le « **Code des Procédures Collectives** »),

   (les paragraphes (i) et (ii) ensemble, étant entendus comme les « **Opérations de Restructuration** »)).

B.  La Société, pourrait, dans le cadre des Opérations de Restructuration et si cela est dans l'intérêt de celle-ci, de toute partie prenante, et de ses créanciers, être amenée :

   (i) à demander l'utilisation de ses *cash collaterals* (tel que ce terme est défini à l'article 363(a) du Code des Procédures Collectives) (les « **Cash Collaterals** ») – qui constituent une garantie octroyée par la Société à certains de ses créanciers au titre de contrats de credits conclus préalablement à la mise en oeuvre des Opérations de Restructuration (les « **Prêteurs Garantis Initiaux** ») – aux termes, le cas échéant, de cash collateral order(s) (les « **Cash Collateral Order(s)** ») ; et

   (ii) à mettre en place un *debtor-in-possession financing obligations* (le « **Financement DIP** ») aux termes d'un superpriority senior secured debtor-in-possession term loan

*EXECUTION VERSION*

credit agreement (le « **Contrat de Crédits DIP** ») conforme aux termes énoncées dans le *DIP Term Sheet* (tel que ce terme est défini dans le Restructuring Support Agreement) (les prêteurs, l'agent administratif et l'agent collatéral aux termes du Contrat de Crédits DIP (l' « **Agent DIP** »)).

Afin d'utiliser et d'obtenir les avantages du Financement DIP et des Cash Collaterals, aux termes de l'article 363 du Code des Procédures Collectives, la Société devra fournir certaines protections aux Prêteurs Garantis Initiaux (les « **Obligations de Protection** ») telles que documentées dans les ordonnances finales et provisoires (ensemble, les « **Ordres de Financement** », ensemble avec le Contrat DIP, les « **Documents de Crédits DIP** ») qui seront soumises pour approbation à la *Bankruptcy Court*, et le cas échéant, aux Prêteurs Garantis Initiaux afin de conclure les Ordres de Financement.

Les emprunts et les obligations découlant du Contrat de Crédits DIP ainsi que les *Loan Documents* (tel que ce terme y est défini) sont dans l'intérêt de la Société et sont nécessaires à la réalisation de son objet social.

Les décisions prises par les présentes sont soumises et conditionnées à l'approbation par le conseil d'administration (*Board of directors*) de Venator Materials PLC du *chapter 11 case* et des résolutions y afférentes.

**APRES AVOIR PRISE CONNAISSANCE DES DOCUMENTS SUIVANTS :**

− une copie des Statuts ;

− le projet le plus récent du Restructuring Support Agreement ;

− les projets les plus récents des Documents de Crédits DIP ;

− les documents concernant la situation comptable de la Société,

− les documents présentant les alternatives stratégiques dont dispose la Société ; et

− les documents résumant les conséquences des Opérations de Restructuration sur les activités de la Société.

Il est également précisé que le Comité Exécutif a eu l'occasion de consulter, en tant que de besoin, la direction de la Société ainsi que ses conseils financiers et juridiques, au sujet notamment des documents susvisés, sans toutefois s'y limiter et d'obtenir toutes informations supplémentaires et d'examiner pleinement chacune des alternatives stratégiques qui s'offrent à la Société.

**DANS CE CADRE, LE COMITE EXECUTIF A PAR LE PRESENT ACTE UNANIME SOUS SEING PRIVE PRIS LES DECISIONS SUR L'ORDRE DU JOUR SUIVANT :**

− Approbation des Opérations de Restructuration et des Bankruptcy Petitions ;

− Examen, approbation et autorisation de la conclusion du Restructuring Support Agreement ;

− Examen, approbation et autorisation (i) de la conclusion des Documents de Crédit DIP, (ii) de l'octroi des Garanties aux termes des Documents de Crédit DIP et (iii) de la mise en place du Financement DIP et des Obligations de Protection y relatifs ;

− Approbation, en tant que de besoin, de l'utilisation des Cash Collaterals et de la conclusion de tout Cash Collateral Order(s) ;

*EXECUTION VERSION*

- Autorisation, en tant que de besoin, des Conseils de la Société ; et

- Pouvoir pour les formalités.

*\*\*\**

### PREMIERE DECISION

*Approbation des Opérations de Restructuration et des Bankruptcy Petitions*

Le Comité Exécutif, après avoir pris connaissance du projet de Restructuring Support Agreement, des Opérations de Restructuration envisagées, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide :

- d'approuver, les Opérations de Restructurations (incluant notamment mais sans s'y limiter les opérations telles qu'envisagées dans le Restructuring Support Agreement) et les Bankruptcy Petitions ou toutes procédures nécessaires dans le cadre des Opérations de Restructuration et ou des Bankruptcy Petitions (en ce compris sans s'y limiter à toutes procédures ou requêtes prévues le Code des Procédures Collectives) et toutes formalités requises dans le cadre des Opérations de Restructuration, des Bankruptcy Petitions et/ou du Restructuring Support Agreement ;

- d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société de tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à la mise en œuvre des Opérations de Restructuration ou y relatifs ;

- d'autoriser le paiement de tous frais et de toutes dépenses en lien avec les Opérations de Restructuration ; et

- de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société tous documents nécessaires à la mise en œuvre des Opérations de Restructuration et des Bankruptcy Petitions et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre la signature des Bankruptcy Petitions et la mise en œuvre des Bankruptcy Petitions et des Opérations de Restructuration et tous documents y afférents.

***Cette décision est adoptée à l'unanimité par le Comité Exécutif.***

### DEUXIEME DECISION

*Examen, approbation et autorisation de la conclusion par la Société du Restructuring Support Agreement*

Le Comité Executif, après avoir pris connaissance du projet de Restructuring Support Agreement, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide :

- d'approuver, en toutes ses stipulations, le projet de Restructuring Support Agreement ;

- d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société de tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à l'entrée en vigueur du Restructuring Support Agreement ou y relatifs ;

*EXECUTION VERSION*

- d'autoriser le paiement de tous frais et de toutes dépenses en lien avec le Restructuring Support Agreement ; et

- de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société le Restructuring Support Agreement et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre la signature et la mise en œuvre de le Restructuring Support Agreement et tous documents y afférents.

*Cette décision est adoptée à l'unanimité par le Comité Exécutif.*

## TROISIEME DECISION

*Examen, approbation et autorisation (i) de la conclusion des Documents de Crédit DIP, (ii) de l'octroi des Garanties aux termes des Documents de Crédit DIP et (iii) de la mise en place du Financement DIP et des Obligations de Protection y relatifs*

Le Comité Executif, après avoir pris connaissance du projet des Documents de Crédit DIP, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide, en tant que de besoin :

- d'approuver, en toutes leurs stipulations, les Documents de Crédit DIP ;

- d'approuver la mise en place du Financement DIP et de tout endettement découlant des termes des Documents de Crédit DIP ;

- d'approuver la mise en place des Obligations de Protection ;

- d'approuver l'octroi de sûretés et de garanties sur les actifs de la Société (incluant le *Collateral* (tel que ce terme est défini dans le Contrat DIP)) aux termes des Documents de Crédit DIP (les « **Garanties** ») ;

- d'autoriser l'Agent DIP à déposer (*file*) tout Uniform Commercial Code (« **UCC** »), état de financement, tout autre équivalent et de déposer des cessions de garantie ou d'autres documents au nom de la Société qu'il pourrait juger nécessaire ou approprié pour valider tout privilège ou toute sûreté accordé(e) dans le cadre des Ordres de Financement, y compris tout état de financement UCC contenant une description générique de la garantie, telle que "tous les actifs", "tous les biens actuellement ou ultérieurement acquis", et de signer les autres documents au nom de la Société que l'Agent DIP juge nécessaires et d'autres descriptions similaires de même importance, et de signer et de délivrer, et d'enregistrer ou d'autoriser l'enregistrement de toutes hypothèques ou actes de vente afférents à ces hypothèques et actes de fiducie relatifs aux biens immobiliers et des autres documents relatifs à la propriété intellectuelle et à d'autres biens des sociétés, dans chaque cas, que l'Agent DIP pourrait demander pour parfaire les sûretés ou garanties en lien avec les des Ordres de Financement ;

- d'autoriser le paiement de tous les frais et dépenses payables en relation avec les Documents de Crédit DIP et tous les frais et dépenses encourus par ou pour le compte de la Société en relation avec les Documents de Crédit DIP, conformément aux termes des Documents de Crédit DIP ;

- d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société des Documents de Crédit DIP ainsi que tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à l'entrée en vigueur des Documents de Crédit DIP ou y relatifs (en ce compris notamment le Financement DIP et /ou les Obligations de Protection et l'octroi des Garanties) ; et

*EXECUTION VERSION*

- de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société les Documents de Crédit DIP et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre la signature et la mise en œuvre des Documents de Crédit DIP ainsi que tous documents y afférents (en ce compris notamment le Financement DIP et /ou les Obligations de Protection et l'octroi des Garanties et le paiement de tous frais et de toutes dépenses y afférents) et pour (a) préparer tous les amendements, renonciations, consentements, suppléments ou autres modifications des Documents de Crédit DIP et/ou tous les autres accords, instruments, documents, avis et certificats constituant des annexes ou pouvant être requis, nécessaires, appropriés, souhaitables ou recommandés pour être signés et délivrés aux termes des Documents de Crédit DIP ou autrement autorisés en vertu de ceux-ci ou liés à ceux-ci auxquels la Société est partie, selon ce qui peut être nécessaire, pratique, souhaitable ou approprié à tout moment, lesdits amendements, renonciations, consentements ou suppléments pouvant prévoir des modifications ou des dérogations en vertu de ces accords ou documents et pouvant nécessiter des paiements de consentement, des frais ou d'autres montants payables à cet égard et (b) signer et délivrer les amendements, renonciations, consentements, suppléments ou autres modifications dans le cadre de ces accords ou documents nécessaires, pratiques, souhaitables, souhaitables ou appropriés en lien avec les Documents de Crédit DIP.

*Cette décision est adoptée à l'unanimité par le Comité Exécutif.*

### QUATRIEME DECISION

*Approbation, en tant que de besoin, de l'utilisation des Cash Collaterals et de la conclusion de tout Cash Collateral Order(s)*

Le Comité Executif, après avoir pris connaissance du projet de Restructuring Support Agreement, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide, en tant que de besoin :

- d'approuver l'utilisation des Cash Collaterals et la conclusion de tout Cash Collateral Order(s) y relatif ;

- d'autoriser la négociation, la modification, la finalisation, l'exécution, la conclusion par la Société de tout document (y compris lettres, déclarations, attestations, conditions suspensives documentaires, sûretés, garanties, certificats, etc.) nécessaire à l'utilisation des Cash Collaterals et/ou à l'entrée en vigueur du Cash Collateral Order(s) (en ce compris la fourniture d'une contrepartie adéquate aux Prêteurs Garantis Initiaux conformément aux dispositions de la section 363 du Code des Procédures Collectives, comprenant, notamment l'octroi de sûretés et/ou tout autre document ou contrat devant être conclu à cet effet) ;

- de donner tous pouvoirs au Président, avec faculté de délégation et de subdélégation, pour négocier, modifier, finaliser, signer et exécuter au nom et pour le compte de la Société tout Cash Collateral Order(s) et tous documents y afférents et, plus généralement, faire le nécessaire pour permettre, le cas échéant, l'utilisation des Cash Collaterals et la signature et la mise en œuvre de tout Cash Collateral Order(s) et tous documents y afférent(s).

*Cette décision est adoptée à l'unanimité par le Comité Exécutif.*

### CINQUIEME DECISION

*EXECUTION VERSION*

*Autorisation, en tant que de besoin, des Conseils de la Société*

Le Comité Executif, après avoir pris connaissance des Opérations de Restructuration, du projet de Restructuring Support Agreement, des Statuts et après avoir pris en compte l'intérêt social et l'objet de la Société, décide, en tant que de besoin :

- d'autoriser le recours aux conseils suivants : (i) le cabinet d'avocats *Kirkland & Ellis LLP* en qualité de conseil général en matière de faillite (*general bankruptcy counsel*), (ii) le cabinet d'avocats Jackson *Walker LLP* en qualité de co-conseil en matière de faillite *(co-bankruptcy counsel)*, (iii) *Moelis & Company* en qualité de banquier d'affaires (*investment banker*), (iv) *Alvarez & Marsa*l en qualité de conseil en restructuration (*restructuring advisor*), (v) *Epiq Corporate Restructuring*, LLC en qualité d'agent de notification et de réclamation (*notice and claims agent*), et (vi) tout autre conseil juridique, comptable, conseil financier, conseil en restructuration ou autre professionnel jugé nécessaire dans le cadre des Opérations de Restructuration (les « **Conseils** ») afin que les Conseils représentent et assistent la Société dans l'accomplissement de ses devoirs et responsabilités et dans l'exercice de ses droits au titre notamment du Code des Procédures Collectives et/ou de toute autre loi applicable (en ce compris les cabinets d'avocats qui déposent des requêtes (*pleadings*) ou des réponses (*responses*)) ;

- d'autoriser les Conseils, à déposer, toutes les requêtes, annexes, motions, listes, plaidoiries et autre documents et à signer tous documents nécessaires et à prendre toutes mesures qu'ils pourraient, à leur entière discrétion juger nécessaires dans le cadre des Opérations de Restructurations ; et

- d'autoriser les Conseils à accomplir tous les actes nécessaires à la mises en œuvre des décisions approuvées par les présentes.

*Cette décision est adoptée à l'unanimité par le Comité Exécutif.*


### SIXIEME DECISION

*Pouvoir pour les formalités*

Le Comité Executif donne tous pouvoirs au porteur d'un original, d'une copie ou d'un extrait du présent procès-verbal à l'effet d'effectuer toutes formalités requises par la loi

*Cette décision est adoptée à l'unanimité par le Comité Exécutif.*


\*\*\*

*EXECUTION VERSION*

De tout ce qui précède, il a été dressé le présent acte sous seing privé, signé par l'ensemble des membres du Comité Exécutif, pour servir et faire valoir tout ce que de droit.

- 7 -

- 7 -

_____
**Membre du comité exécutif et Président**
Richard Justin James Phillipson

_____
**Membre du Comité exécutif**
Andrew Massy

_____
**Membre du comité exécutif**
Kurt David Ogden

**[Venator International France SAS – ACTE UNANIME DES MEMBRES DU COMITÉ EXECUTIF]**

- 8 -